JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GARY CARTER

**(b)** County of Residence of First Listed Plaintiff _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692
Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE 3-11-11

SIGNATURE OF ATTORNEY OF RECORD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Gary Carter : CIVIL ACTION
v. :
NCO Financial Systems, Inc : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 3-11-11 | Craig Kimmel | Gary Carter |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-540-8888 | 877-788-2864 | Kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1115 Laurel Ct., Florence OR 97439__

Address of Defendant: __507 Prudential Rd., Horsham, PA 19044-2308__

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases  __15 U.S.C. § 1692__
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Craig Kimmel__, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __3-11-11__     __Craig Kimmel__     __57100__
                       Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3-11-11__     __Craig Kimmel__     __57100__
                       Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY CARTER,                           )
                                       )
         Plaintiff                     )
                                       )
    v.                                 )   Case No.:
                                       )
NCO FINANCIAL SYSTEMS, INC.,           )   COMPLAINT AND DEMAND FOR
                                       )   JURY TRIAL
         Defendant                     )
                                       )   (Unlawful Debt Collection Practices)

## COMPLAINT

GARY CARTER ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

1

PLAINTIFF'S COMPLAINT

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Florence, Oregon.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

PLAINTIFF'S COMPLAINT

## PRELIMINARY STATEMENT

11.	The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.	In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

**FACTUAL ALLEGATIONS**

15. At all pertinent times hereto, Defendant was hired to collect a

PLAINTIFF'S COMPLAINT

consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Defendant was attempting to collect a debt from 1993 allegedly owed to American General Finance.

18. In or around November 2010, Defendant began contacting Plaintiff seeking and demanding payment for an alleged debt.

19. In December 2010, Defendant demanded that Plaintiff pay the alleged debt, although it could not tell him what the alleged debt was for and refused to provide him with documentation showing that this was a valid debt.

20. Defendant threatened Plaintiff that if he did not provide a credit card number that Defendant would utilize other means to collect the debt, which caused Plaintiff fear and apprehension, as he did not know what Defendant would do in its attempts to collect the debt, but interpreted this statement as a threat to sue.

21. Then, on or about December 24, 2010, Defendant sent correspondence to Plaintiff seeking and demanding payment for an alleged debt. See Exhibit A.

22. Defendant claimed Plaintiff owed $5619.46 to NCO Portfolio Management. See Exhibit A.

23. Defendant stated, "We hope that you are in a better position to pay the above account," which confused Plaintiff as he did not know what Defendant meant. See Exhibit A.

24. Defendant did advise Plaintiff that he had the right to dispute the debt and/or request verification of the debt. See Exhibit A.

25. Before Plaintiff could exercise his rights to dispute the debt and/or request verification, fifteen (15) days later, Defendant sent Plaintiff a second letter seeking and demanding payment of the alleged debt, this time offering to accept "30% of the balance" or "$1688.62." See Exhibit B, Defendant's January 8, 2011, letter.

26. Defendant's demand for payment, as well as attempts to settle the alleged debt, overshadowed Plaintiff's rights to dispute the debt and/or request verification of the debt. See Exhibit B

27. Furthermore, in its January 8, 2011, letter, Defendant failed to advise Plaintiff of the possible tax implications if he were to accept the settlement offer. See Exhibit B

28. Finally, if Defendant wanted to accept the settlement offer, the payment voucher did not allow for him to elect this option, making Defendant's settlement offer appear illusory. See Exhibit B

29. Defendant conducted its collection activities in ways that were factually misrepresented and in violation of the FDCPA.

## CONSTRUCTION OF APPLICABLE LAW

30. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

31. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

32. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v.

Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692 of the FDCPA generally;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representations or mean in connection

with the collection of a debt;

d. Defendant violated §1692e(5) of the FDCPA by threatening to take an action that cannot legally be taken or that is not intended to be taken;

e. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect any debt; and

f. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt;

34. As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, GARY CARTER, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GARY CARTER, demands a jury trial in this case.

DATED: 3-11-11

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PO Box 4909
Dept 22
Trenton, NJ 08650-4909

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

1-800-221-8887
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Dec 24, 2010

Calls to or from this company may be monitored or recorded for quality assurance.

XV2951
GARY CARTER

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR:
AMERICAN GENERAL FINANCE
CREDITOR'S ACCOUNT #: 52482194
CURRENT BALANCE DUE: $ 5619.46

Your account has been purchased by NCO PORTFOLIO MANAGEMENT.

The above-referenced account remains unpaid. A credit reporting agency has indicated that an inquiry has been made on your credit report. We hope that you are in a better position to pay the above account.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CXV29512-23PCZ9. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Returned checks may be subject to the maximum fees allowed by your state.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

ADDR: 507 PRUDENTIAL ROAD, HORSHAM, PA 19044

| Our Account # | Current Balance Due |
|---|---|
| XV2951 | $ 5619.46 |

GARY CARTER
Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907

PLAINTIFF'S EXHIBIT A

NCOP J4
1118

012200XV29519000000150000000000005619464

PO BOX 15630
WILMINGTON DE 19850

Calls may be monitored or recorded for quality assurance.

NCO Portfolio Management, Inc. (NCO Portfolio Management is a d/b/a for many of the affiliated companies), NCOP Services, Inc., NCOP Financing, Inc., NCOP I, LLC, NCOP II, LLC, NCOP III, LLC, NCOP IV, LLC, NCOP V, LLC, NCOP VI, LLC, NCOP VII, LLC, NCOP VIII, LLC, NCOP IX, LLC, NCOP X, LLC, NCOP XI, LLC, NCOP XII, LLC, NCO PXII, LLC, NCOP Lakes, Inc., NCOP Capital, Inc., NCOP Capital I, LLC, NCOP Capital II, LLC, NCOP Capital III, LLC, NCOP Capital IV, LLC, NCOP/CF, LLC, NCOP CF II, LLC, Creditrust SPV2, LLC, Creditrust SPV98-2, LLC, Creditrust Funding I, LLC, Creditrust SPV99-1, LLC, Creditrust SPV99-2, LLC, NCOP-Marlin-CVI, LLC, Portfolio Acquisitions, LLC, Marlin Services, LLC, Inovision-Medclr-NCOP-NF, LLC, Inovision-Medclr-NCOP-F, LLC, Medclr, Inc., Inovision Medclr Portfolio Group, LLC, Integrated Capital, A NCOP Company, LLC, Inovision Capital, LLC, Inovision, Inc., Inovision, A NCOP Company, LLC, Medclr Hospital Portfolio, LLC, OSI Funding, LLC, OSI Portfolio Services, Inc., Perimeter Credit, LLC, Gulf State Credit, LLC, Portfolio Acquisition, LLC, Asset Recovery & Management Corp., CRC Investors, LLC and Medclr-InoVision Portfolio Acquisitions.

Dear Account Holder:

At NCO Portfolio Management, Inc., and its affiliated companies listed above (collectively, the "Account Owners" or "we"), protecting the confidentiality and security of our account holders' information has always been an important part of the way we conduct our business. On the back of this letter you will find our Privacy Notice which will provide you with information to help you understand how we handle the non-public personal information about you that we obtain from time to time.

This Privacy Notice is being sent to you on behalf of each of the Account Owners. To ensure that this important information reaches all of our account holders, we are mailing a copy of this letter to each account holder. If your account has been settled, the balance has been paid, the balance has been disputed, or if you have filed for bankruptcy protection, the status of your account shall not change as a result of this notice. If you are an account holder on more than one of our accounts, you may receive more than one letter regarding this Privacy Notice.

Please review the Privacy Notice contained on the back of this letter for an explanation of the Account Owners' policies and procedures regarding the use of non-public, personal information.

GLB-3 (REV 11/10) CRDT

INS-468-J-0

PO Box 4909
Dept 22
Trenton, NJ 08650-4909

Calls to or from this company may be monitored or recorded for quality assurance.

XV2951
GARY CARTER

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044
1-800-221-8887
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Jan 8, 2011

NCO PORTFOLIO MANAGEMENT
FORMER CREDITOR:
AMERICAN GENERAL FINANCE
CREDITOR'S ACCOUNT #: 52482194
CURRENT BALANCE DUE: $ 5628.73

Your account has been purchased by NCO PORTFOLIO MANAGEMENT. NCO Financial Systems, Inc. is the servicer of the account.

The creditor has agreed to accept 30 percent of the balance listed above or $1688.62 as a lump sum settlement of the account. This offer will remain valid for a minimum of 45 days from the date of this letter and may be extended for an additional period. Before making a settlement payment after 45 days from the date of this letter, please confirm with one of our representatives that this offer is still valid.

Should you choose to accept this offer, please enclose the bottom portion of this letter, or a copy thereof, with your settlement payment and mark your check or money order with the account number and that this is a settlement. Returned checks may be subject to the maximum fees allowed by your state.

You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is CXV29512-23PCZ9. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Should you choose not to accept this offer, your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

ADDR: 507 PRUDENTIAL ROAD, HORSHAM, PA 19044

| Our Account # | Current Balance Due |
|---|---|
| XV2951 | $ 5628.73 |

GARY CARTER
Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 4907
TRENTON NJ 08650-4907


PLAINTIFF'S EXHIBIT B

NCOP 39
1310

012200XV29519000000150000000000005628738

PO BOX 15630
WILMINGTON DE 19850

Calls may be monitored or recorded for quality assurance.

NCO Portfolio Management, Inc. (NCO Portfolio Management is a d/b/a for many of the affiliated companies), NCOP Services, Inc., NCOP Financing, Inc., NCOP I, LLC, NCOP II, LLC, NCOP III, LLC, NCOP IV, LLC, NCOP V, LLC, NCOP VI, LLC, NCOP VII, LLC, NCOP VIII, LLC, NCOP IX, LLC, NCOP X, LLC, NCOP XI, NCOP XII, LLC, NCO PXII, LLC, NCOP Lakes, Inc., NCOP Capital, Inc., NCOP Capital I, LLC, NCOP Capital II, LLC, NCOP Capital III, LLC, NCOP Capital IV, LLC, NCOP/CF, LLC, NCOP CF II, LLC, Creditrust SPV2, LLC, Creditrust SPV98-2, LLC, Creditrust Funding I, LLC, Creditrust SPV99-1, LLC, Creditrust SPV99-2, LLC, NCOP-Marlin-CVI, LLC, Portfolio Acquisitions, LLC, Marlin Services, LLC, Inovision-Medclr-NCOP-NF, LLC, Inovision-Medclr-NCOP-F, LLC, Medclr, Inc., Inovision Medclr Portfolio Group, LLC, Integrated Capital, A NCOP Company, LLC, Inovision Capital, LLC, Inovision, Inc., Inovision, A NCOP Company, LLC, Medclr Hospital Portfolio, LLC, OSI Funding, LLC, OSI Portfolio Services, Inc., Perimeter Credit, LLC, Gulf State Credit, LLC, Portfolio Acquisition, LLC, Asset Recovery & Management Corp., CRC Investors, LLC and Medclr-InoVision Portfolio Acquisitions.

Dear Account Holder:

At NCO Portfolio Management, Inc., and its affiliated companies listed above (collectively, the "Account Owners" or "we"), protecting the confidentiality and security of our account holders' information has always been an important part of the way we conduct our business. On the back of this letter you will find our Privacy Notice which will provide you with information to help you understand how we handle the non-public personal information about you that we obtain from time to time.

This Privacy Notice is being sent to you on behalf of each of the Account Owners. To ensure that this important information reaches all of our account holders, we are mailing a copy of this letter to each account holder. If your account has been settled, the balance has been paid, the balance has been disputed, or if you have filed for bankruptcy protection, the status of your account shall not change as a result of this notice. If you are an account holder on more than one of our accounts, you may receive more than one letter regarding this Privacy Notice.

Please review the Privacy Notice contained on the back of this letter for an explanation of the Account Owners' policies and procedures regarding the use of non-public, personal information.

GLB-3 (REV 11/10) CRDT

INS-458-J-0